BOLIN, Judge.
By this tort action plaintiff and her guest passenger, Erma Baptiste, seek to recover damages for their injuries allegedly suffered in a collision between the vehicle being driven by Flay Rose Balthazar and a tractor-trailer unit being driven by Floyd Ray Smith. Defendants answered, alleging the contributory negligence of plaintiff driver should preclude her recovery. A third party demand was also filed by defendants Smith, his employer and its insurer against plaintiff to recover one-half of any damages which might be awarded to the guest passenger. Judgment was rendered in favor of both plaintiffs and against defendants, and the third party demands of defendants were rejected. Defendants appeal. We affirm the judgment of the lower court.
The negligence of defendant driver in attempting to pass within 100 yards of an intersection, in a no-passing zone, is admitted. The issues before this court are the alleged contributory negligence of plaintiff driver and the question of correctness of the lower court’s judgment.
The collision occurred when plaintiff driver attempted to execute a left turn from Highway No. 1 onto Ellerbe Road, south of Shreveport, Louisiana. The accident happened during daylight hours and the roads were dry. Smith, who was driving his truck between 40 and 50 miles per hour, was proceeding north on Louisiana Highway No. 1 and in the same direction as plaintiffs. He testified he had observed a line of slow-moving cars for some distance and as he approached the last car in the procession he decided to attempt a passing maneuver. After having passed at least two and possibly three vehicles, and when he was about even with the rear of plaintiff’s car, he observed the left-turning blinker flashing. He immediately drove his truck onto the left shoulder of the highway and continued in this manner in an effort to get around plaintiff’s vehicle before she executed a left turn into Ellerbe Road. The cab portion of his truck had cleared and was on the far side of the El-lerbe Road entrance and the forty-foot trailer was directly across Ellerbe Road when plaintiff turned and the left front of her car struck about midway of the trailer portion of the truck. Smith made no effort to stop, for fear of jack-knifing his unit, until after he had cleared the entrance to Ellerbe Road. He then applied the brakes and the unit skidded about 300 feet before coming to a stop. At no time did he drive his truck back onto the highway but came to a halt with all wheels on the graveled shoulder of the left side of Highway No. 1.
Flay Rose Balthazar testified she was familiar with this road; that there was a sign warning drivers against attempting to pass where a yellow line designated a no-passing zone; that she had engaged the left-turn blinker light on her vehicle long before she attempted her maneuver; that she looked in both the rear view mirror and the side mirror and observed a number of cars following her and slowing down to allow her to complete her turn; that at no time did she see the truck behind this line of cars and that she again looked in her rear view mirrors just before executing the turn. She testified she neither heard nor saw defendant’s truck until the left front of her car struck the trailer, which was still moving.
Appellants rely heavily on two cases decided by this court, to support their contentions that the driver making a left turn has the duty of explaining how an accident occurs, if such accident happens in the course of the left turn; and that a person is presumed to see what is present to be seen. Stamper v. Allstate Insurance Company (La.App.2d Cir. 1969), 223 So.2d 489, and Waters v. Pharr Brothers, Inc. (La.App.2d Cir. 1969), 228 So.2d 91. It is urged there was no reason why Flay Rose Balthazar could not have observed the truck, had she made proper observation to her rear before turning, and therefore she is presumed to have seen defendant’s truck.
The duties generally incumbent upon the motorist attempting a left run are found in the Louisiana Motor Vehicle Act, passed in *645 1962, now designated as Louisiana Revised Statutes 32:101, 104 and 105. These sections have replaced the previous sections of Title 32, under which the cases had imposed a standard of care on the left-turning motorist practically equivalent to that of an insurer. The more recent act, while requiring the left-turning motorist to make his maneuver from that portion of the right half of the roadway nearest the center line and to give an appropriate signal for the turn, provides the maneuver may be executed when it has been determined such movement can be made with reasonable safety. The overtaking motorist, on the other hand, is prohibited from overtaking and passing at an intersection and is required to yield the right-of-way to the left-turning motorist who has properly signaled his intention to turn left.
A large body of jurisprudence, represented by numerous decisions of the appellate courts of this state, has engrafted upon the statutory provisions a number of rules which are followed by our courts with regularity and with varying degrees of strictness. However, in each instance the court is generally occupied with the determination of the reasonableness of the actions of the left-turning motorist in the light of all the surrounding facts and circumstances in the particular case under consideration.
We have been cited to numerous cases by appellee for the proposition that a person making a left turn at an intersection, after giving the proper signal for such turn and having observed traffic conditions to the front, side and rear and determined that such movement can be made with reasonable safety, can assume following traffic will not drive at an excessive speed and will observe the rules against passing at an intersection or where there is a yellow line on his side. He may indulge in this assumption until he sees or should see that the other motorist has not observed, or is not going to observe the law. Breland v. American Insurance Company (La.App.2d Cir. 1964), 163 So.2d 583;
Procell v. Strange (La.App.3d Cir. 1967), 203 So.2d 739, and cases cited. We agree with the rules enunciated in these cases, which we have examined carefully, and conclude that, as in other tort claims, each case must be decided on its own facts.
As was stated in Procell:
“Although the character of a left turn renders such maneuver highly dangerous, this does not mean that every time an accident occurs as the result of such a turn the one attempting the turn is negligent as a matter of law. There have been a number of cases indicating circumstances in which one turning left may be found free from negligence. Illustrative of these circumstances is where one turning in accordance with legal requirements was unable to see the overtaking car before collision was unavoidable.” (Cited case omitted)
In the instant case we start with the proposition that defendant driver, Smith, was grossly negligent in attempting to pass three or more cars in one maneuver, in passing at an intersection, and in violating the prohibition against passing where a yellow line expressly indicates a no-passing zone. We agree that Flay Rose Balthazar had the duty to observe oncoming traffic and to avoid impeding the flow of such traffic. She also had the duty to observe traffic conditions on Ellerbe Road and those to her rear to determine if her turn could be made in safety. However, it is admitted she had given the required signal back some distance for her intended turn and that there was no oncoming traffic approaching from the north. She testified she had looked in her rear view mirrors when she engaged her left-turn signal and again just before attempting her turn and had observed two or more cars following slowly behind her vehicle and making no effort to pass.
In line with the rule enunciated in the Waters case and others, the question remains whether .the left-turning motorist could reasonably be expected to see the *646 passing truck to her left rear. In this case we think not. This is strictly a factual question and the burden rests heavily upon defendants to prove her contributory negligence. While it is not our duty to explain how accidents happen, except as it relates to fault or lack thereof, we are constrained to point out the reasonableness of the left-turning motorist in the instant case in not observing the overtaking truck. When she last looked in her mirrors the defendant’s truck was well out of the southbound or passing lane and was on the shoulder of the road. Assuming he was traveling at 50 miles per hour, he could traverse approximately 72 feet in one second which means that he could have already been crossing Ellerbe Road and out of range of her rear view mirrors in the last second when she made her last observation before commencing the left turn.
We find the appellants have failed to prove plaintiff, Flay Rose Balthazar, was guilty of negligence which contributed to the accident. Accordingly, the judgment of the lower court is affirmed at defendants’ cost.