HEARD, Judge.
This is a tort action by Mikel C. Pardue and his wife, Shirley Pardue, against William T. McBroom and his automobile liability insurer, State Farm Mutual Automobile Insurance Company. Judgment was rendered in favor of defendants rejecting the plaintiffs’ demand and dismissing the suit. Mikel and Shirley Pardue perfected a devolutive appeal.
This suit arose out of an automobile collision on South Grand Street in Monroe, Louisiana. Shirley Pardue was driving a 1962 Volkswagen Sedan in a northerly direction on South Grand. Her husband was riding in the front seat. William T. McBroom was driving a 1968 Dodge also in a northerly direction on South Grand. The McBroom car was behind the Pardue car. It was raining rather heavily at the time of the accident. Shirley and Mikel remembered they had neglected to bring their baby’s diapers and decided to turn around and go back home to get them. Shirley slowed the car to about 10-15 miles per hour, intending to turn left off South Grand onto Grayling Lane. Due to the heavy rain she missed Grayling and proceeded on down South Grand. She began to execute a left turn into Lovers Lane shopping center at the same time William T. McBroom began executing a passing maneuver. McBroom’s car struck the left rear of the Pardue car at about the center of the street. It is in dispute whether or not Shirley Pardue signaled her intent to turn left.
The trial judge found Shirley Pardue’s actions constituted contributory negligence. We agree.
 Although each case must be decided on its own peculiar facts, it can be stated generally that a left-turning motorist must give a proper signal and must observe traffic conditions to the front, side and rear to ascertain that such movement can be made with reasonable safety. Balthazar v. Liberty Mutual Insurance Company, 256 So.2d 643, La.App. (2d Cir. 1972) and cases cited therein. Here, Shirley Pardue testified that she looked in her rear view mirror and could not see behind her due to the heavy rain. Her inability to observe traffic behind her due to the weather conditions imposed the duty of refraining from executing the left turn until she could see. To turn left where one cannot see traffic to the rear, places too much emphasis on luck and not enough on lookout.
As we hold Shirley Pardue was negligent (and there is no question that this negligence contributed to the accident) we need not discuss the negligence of Mc-Broom.
For the reasons stated, the judgment appealed from is affirmed with costs to be borne by appellants.